UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

DONALD GRIFFIN,

                                 Plaintiff,

     -against-                                                         9:22-CV-0332 (LEK/TWD)

T. MCGUINESS, *et al.*,

                                 Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Pro se plaintiff Donald Griffin commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Complaint"). Plaintiff, who was currently incarcerated at Five Points Correctional Facility ("Five Points C.F."), has not paid the statutory filing fee and seeks leave to proceed in forma pauperis. Dkt. No. 5 ("IFP Application").

**II.    IFP APPLICATION**[1]

      "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." <u>Cash v. Bernstein</u>, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent,

---

[1] On April 7, 2022, the Court administratively closed this action due to Plaintiff's failure to comply with the filing fee requirements. Dkt. No. 4. On May 2, 2022, the case was reopened after Plaintiff filed a second IFP Application. Dkt. Nos. 5, 6.

[2] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more

incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." Id. (citing 28 U.S.C. § 1915(b) and Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Plaintiff's IFP Application, the Court finds that he has demonstrated sufficient economic need. See 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in this District. See Dkt. No. 3. Accordingly, the Court grants Plaintiff's IFP Application.

### III. SUFFICIENCY OF THE COMPLAINT

**A. Governing Legal Standard**

Having found Plaintiff meets the financial criteria for commencing this action in forma pauperis, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the sufficiency of the allegations set forth in the Complaint must be considered in light of 28 U.S.C. §§ 1915(e). Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that — . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

---

actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. See http://pacer.uspci/uscourts.gov. It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Hudson v. Artuz, No. 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting Powell v. Marine Midland Bank, No. 95-CV-0063, 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While acourt should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Thus, a pleading that

---

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

The Court will construe the allegations in the complaint with the utmost leniency. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

**B. Summary of the Complaint**[4]

The following facts are set forth as alleged by Plaintiff in his Complaint.

In 1987, Plaintiff was convicted of two counts of robbery in the first degree, robbery in the second degree, two counts of grand larceny in the third degree, two counts of sexual abuse in the first degree, and burglary in the first degree. Compl. at 3, 4, 5. Plaintiff was sentenced to fifteen to thirty years. Id. In 2004, Plaintiff was convicted of promoting prison contraband and attempted assault of another inmate. Id. at 3. As a result, Plaintiff was sentenced to three to six years. Id.

In 2015, Plaintiff was released to parole supervision. Id. at 6. According to DOCCS' computation sheet, Plaintiff reached his maximum expiration date on August 31, 2016. Id. at 7. On April 6, 2021, Plaintiff pled guilty to a six month parole violation and received a sentence that should have ended on July 29, 2021. Id. at 6. On July 8, 2021, Plaintiff was transferred from Rikers Island to DOCCS' custody. Id. at 8. On July 28, 2021, one day before Plaintiff was

---

[4] The Complaint includes exhibits. See Compl. at 4–5, 7, 9–10, 13. The Court will consider the Complaint as well as any documents attached as exhibits to the extent such exhibits are relevant to the incidents described in the Complaint. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

due to be released, he received an amended notice from the parole board imposing mandatory parole conditions pursuant to the Sexual Assault Reform Act ("SARA"). Compl. at 6–8. The amended notice indicates that Plaintiff's maximum expiration date is May 9, 2023 and his conditional release date is August 5, 2022. Id. at 9; see also http://nysdoccslookup.doccs.ny.gov/ (DIN 87-A-0320) (last visited May 24, 2022). Plaintiff was not released on July 29, 2021. Compl. at 8.

On August 16, 2021, while confined at Downstate Correctional Facility ("Downstate C.F."), Plaintiff filed a grievance complaining that he was illegally imprisoned beyond the terms set by the sentencing court in violation of his constitutional rights. Id. The grievance resolution committee denied the grievance and Plaintiff appealed to defendant Superintendent T. McGuiness. Id. at 11. On August 23, 2021, McGuiness denied the appeal and advised Plaintiff that he would "not be released until [he] filed a SARA compliant address." Id. Plaintiff appealed the grievance to the Central Office Review Committee ("CORC"). Id. On October 21, 2021, defendant CORC Member Shelley M. Mallozzi denied the grievance explaining "the grievant's specific action requested seeks a remedy which is not available through CORC review." Id. at 11, 13.

On November 29, 2021, Plaintiff filed an Article 78 petition claiming that DOCCS unlawfully enhanced his sentence and imposed SARA parole conditions. Id. at 12. In December 2021, Plaintiff served the petition upon Defendant Commissioner Anthony J. Annucci and CORC. Id. at 12, 14. In February 2022, Plaintiff received an answer to the petition with a memorandum of law from defendant Associate Counsel for Office of Sentencing Review Jarrod Sanford ("Sanford"). Id. at 14.

Construed liberally,[5] the Complaint includes Eighth and Fourteenth Amendment claims based upon defendants "administratively altering or enlarging a judgment and sentence of a court." Compl. at 16–18. Plaintiff seeks injunctive relief and monetary damages. Id. at 18. For a complete statement of Plaintiff's claims and the facts he relies on in support of those claims, reference is made to the Complaint.

### C. Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990)); see also Myers v. Wollowitz, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

## IV. ANALYSIS

### A. Request for Immediate Release

---

[5] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. See, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

Plaintiff is in DOCCS' custody and seeks an injunction "prohibiting [defendants] from continuing unlawful jurisdiction over plaintiff[.]" Compl. at 18. While the Complaint does not contain a clear request, insofar as Plaintiff seeks his immediate release from prison, this claim is not cognizable in this Section 1983 action. In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that habeas corpus was the appropriate remedy for prisoners challenging the fact or duration of their confinement. See id. at 490; see also Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir.1994) (noting that "habeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment . . . .") (citing Preiser, 411 U.S. at 488–90). The Court will not sua sponte convert this action into a petition for habeas corpus relief because doing so could potentially negatively affect plaintiff's ability to bring future habeas grievances. See Romer v. Travis, No. 00-CV-8671, 2001 WL 220115, at *3 (S.D.N.Y. Jan. 31, 2001) ("Conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated."); see also Bloodywone v. Bellnier, No. 918-CV-0615, 2018 WL 10550308, at *4 (N.D.N.Y. Oct. 17, 2018) ("The Court will not sua sponte convert this action into a petition for habeas corpus relief" due to potential future, negative implications for plaintiff).

Therefore, to the extent Plaintiff seeks his immediate release from incarceration, that claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B. Heck v. Humphrey

"The detention of a prisoner beyond the maximum expiration date of his sentence may

7

in some circumstances constitute cruel and unusual punishment in violation of the Eighth Amendment." Washington v. NYS Parole, No. 19-CV-0601, 2019 WL 1877343, at *2 (S.D.N.Y. Apr. 26, 2019) (citations omitted). Moreover, an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment. Calhoun v. New York State Div. of Parole Officers, 999 F.2d 647, 653 (2d Cir. 1993).

However, in this case, Plaintiff's Eighth Amendment and Fourteenth Amendment due process claims are barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). In Heck, the Supreme Court held that a Section 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id. at 486–87. Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. See Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999).

The allegations in the Complaint are not sufficient to allow the Court "to draw the reasonable inference" that Plaintiff's sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff is incarcerated and was incarcerated when he filed this Section 1983 action, thus, Heck bars Plaintiff's claims because a decision in Plaintiff's favor would affect the validity of his sentence and confinement. See Hatcher v. Doe #1, No. 17-CV-0777, 2018 WL 1635022, at *3 (N.D.N.Y. Apr. 4, 2018) (dismissing the plaintiff's due process claims challenging the proper calculation and administration of his post-release supervision after concluding that they were

barred by Heck); Bonano v. Staniszewski, No. 12-CV-5879, 2016 WL 11263168, at *6 (E.D.N.Y. Sept. 2, 2016) ("[P]laintiff claims that defendants miscalculated the maximum expiration date (or length) of his 2004 sentence and seeks to shorten the duration of his sentence on his valid conviction. This claim is barred by Heck."), report and recommendation adopted 2017 WL 4220402 (E.D.N.Y. Sept. 22, 2017); see also Lindsey v. Lutz, No. 10-CV-3931, 2011 WL 2791329, at *3 (S.D.N.Y. June 16, 2011) (citing Heck, 512 U.S. at 487) (applying Heck to substantive due process claims), report and recommendation adopted, 2011 WL 3628846 (S.D.N.Y. Aug. 17, 2011); see also D'Angelo v. Annucci, No. 16-CV-6459, 2017 WL 6514692, at *7 (S.D.N.Y. Dec. 19, 2017) (finding the Eighth Amendment claims barred by Heck because "the entirety of Plaintiff's Eighth Amendment claim rests on the very fact of his confinement past his conditional release date" without challenges to the conditions of his confinement). The fact that Plaintiff is seeking injunctive relief, in addition to monetary relief, does not require a different finding. See Loyd v. Cuomo, No. 14-CV-0829, 2015 WL 3637409, at *2 (N.D.N.Y. June 10, 2015) ("[T]he Supreme Court has explained that the Heck rule applies 'no matter the relief sought (damages or equitable relief).'") (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) and citing Caswell v. Green, 424 Fed. App'x 44, 45 (2d Cir. 2011)).

## V.   CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Plaintiff's in forma pauperis application (Dkt. No. 5) is **GRANTED**;[6] and it is further

---

[6] Plaintiff should note that, although the Court has granted his application to proceed in forma pauperis, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk of the Court provide a copy of Plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint or as set forth above **within thirty (30) days** from the date of the filing of this Decision and Order, alternatively, Plaintiff may choose to convert this matter into one for habeas relief by filing a habeas petition with the court in lieu of an amended complaint **within thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED**, that, if Plaintiff timely files an amended complaint or a habeas petition, this matter be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint or habeas petition as directed above, the Clerk shall enter judgment indicating this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk mail to Plaintiff a copy of form AO 241 which provides instructions for filing a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff, together with a copy of the original Complaint.

DATED:   June 8, 2022
           Albany, New York

LAWRENCE E. KAHN
United States District Judge